# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1819 | **DATE** | 7/23/2010 |
| **CASE TITLE** | Sherron Lewis vs. David F. Schmidt et al. | | |

**DOCKET ENTRY TEXT**

Opinion. The court construes plaintiff's amended complaint [25] as a motion for leave to file an amended complaint *instanter* and grants it. Defendants' motion to dismiss [20] is denied as moot. Defendants' motion to strike plaintiff's amended complaint [28] is denied. Defendants are granted until 8/13/2010 to answer or otherwise plead. Plaintiff's motion for leave to proceed *in forma pauperis* [23] is granted. Plaintiff's motion for appointment of counsel [24] is denied without prejudice.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff filed a *pro se* complaint seeking relief pursuant to 42 U.S.C. § 1983 and other theories related to the City of Park Ridge's cut-off of the water supply at his residence. On June 15, 2010, defendants moved to dismiss this complaint. (Doc. 20.)

Rather than responding to the motion, plaintiff filed an amended complaint (Doc. 25) more than twenty-one days after defendants filed their motion to dismiss, and without leave of court or consent of opposing parties. *See* Fed. R. Civ. P. 15(a). Nevertheless, the court freely allows amendment of pleadings when justice requires. *See* Fed. R. Civ. P. 15(a)(2). Defendants seek to strike the amended complaint only on the basis that plaintiff received neither leave of court nor their consent prior to amending. They assert no prejudice and, given the substantial similarity between the original complaint and the amended complaint and the short passage of time between the two, any prejudice would be minimal. Accordingly, the court allows plaintiff to amend his complaint, denies as moot defendants' motion to dismiss the original complaint, denies defendants' motion to strike, and grants defendants until August 13, 2010 to answer or otherwise plead. However, should plaintiff wish to amend his complaint again, he must obtain leave of court or consent of the opposing parties before doing so.

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 23) is granted. Plaintiff has also moved for appointment of counsel. (Doc. 24.) As is the court's customary practice with respect to motions to appoint counsel at this stage, the court denies the motion without prejudice to later re-filing. The court generally declines to appoint counsel until it can determine whether plaintiff states any viable claims. Accordingly, plaintiff may re-file his motion either after defendants file an answer or, if defendants move to dismiss instead of answering, after the court rules on defendants' motion.

| | Courtroom Deputy Initials: | RJ/MW |
|---|---|---|